**Kinney Wayne COMPTON, Petitioner–Appellant,**

**v.**

**Kevin CHAPPELL, Warden, Respondent–Appellee.**

**No. 09–56946.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 6, 2013.*

Filed Aug. 22, 2013.

Kinney Wayne Compton, Represa, CA, pro se.

Deborah Chuang, AGCA–Office of the CA Attorney General (LA), Los Angeles, CA, for Respondent–Appellee.

Appeal from the United States District Court for the Central District of California, George H. Wu, District Judge, Presiding. D.C. No. 2:06–cv–02811–GW.

Before: HUG, FARRIS, and LEAVY Circuit Judges.

MEMORANDUM **

Kinney Wayne Compton appeals from the district court's judgment denying his 28 U.S.C. § 2254 habeas petition. We have jurisdiction under 28 U.S.C. § 2253. We review de novo, *Ybarra v. McDaniel*,

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

656 F.3d 984, 989 (9th Cir.2011), and we affirm.

Compton contends that the trial court's admission into evidence of the deceased victim's out-of-court statements to police violated Compton's Sixth Amendment right to confrontation. As to the crime scene and emergency room statements, the state court did not unreasonably apply clearly established Supreme Court law in denying Compton's claims. *See* 28 U.S.C. § 2254(d)(1). *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), left ambiguous the scope and meaning of the terms "testimonial" and "interrogation," and there were material differences between the circumstances in *Crawford* and those presented here. As to the statements made by Compton five days after the shooting, admission of those statements was harmless. *See Brecht v. Abrahamson,* 507 U.S. 619, 637–38, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993).

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.